**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| YULAN EDUARDO URBINA-TORRENS,<br><br>Petitioner,<br><br>v.<br><br>JAMES ARNOTT, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-03718-SRB |

**ORDER**

Before the Court is Petitioner Yulan Eduardo Urbina-Torrens's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("the Petition"). (Doc. #1; Doc. #6.)[1] For the reasons below, the Court GRANTS the Petition.

**I. FACTUAL BACKGROUND**

Petitioner is a citizen of Venezuela who has lived in the United States since October 2023. In 2023, the Department of Homeland Security ("DHS") determined that Petitioner should be released on his own recognizance while his removal proceedings were pending. On September 13, 2026, Petitioner was stopped by local police and taken into custody by Immigration and Customs Enforcement ("ICE"). Petitioner is currently in the Greene County Jail in Springfield, Missouri. Petitioner has no criminal history and is the sole caregiver for his nine-year old son.

Petitioner filed the Petition on October 19, 2026. The Petition asserts three grounds for relief, including a violation of Petitioner's procedural due process rights under the Fifth Amendment. Petitioner requests his immediate release from custody. Petitioner alternatively

[1] As ordered by the Court (Doc. #5), Document #6 is signed by the Petitioner.

requests "an individualized custody hearing before a neutral decision-maker[.]" (Doc. #1, p. 12.) On October 26, 2026, Respondents timely filed their response to the Petition. The parties' arguments are addressed below.

## II. DISCUSSION

Respondents argue "[t]hat [Petitioner] is being properly detained by ICE pursuant to Section 1225(b)(2)(A) was confirmed by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)." (Doc. #4, p. 2.) However, *Avila* did not resolve whether detention without any opportunity for release, or an individualized determination, complies with the due process requirements in the Fifth Amendment. The Court finds that *Avila* is not dispositive of the issues presented in this case and further finds that Respondents' continued detention of Petitioner violates procedural due process under *Mathews v. Eldridge*, 424 U.S. 31 9, 335 (1976).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Due process is flexible . . . [and] calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 312-315 (2018). To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. at 335. Courts must consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*

Here, the first *Mathews* factor weighs in favor of Petitioner. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action"). Petitioner has resided in the United States for approximately three years. Petitioner is the sole caregiver for his nine-year-old son. The Court thus finds that Petitioner has a strong liberty interest in his freedom from detention.

The second *Mathews* factor, the risk of erroneous deprivation, also weighs in favor of Petitioner. "The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). Here, Petitioner has no criminal history. Petitioner contends that he was taken into custody without a "new warrant, no new custody determination, no notice revoking his 2023 release or stating any reason for doing so, and no opportunity to be heard on whether he is a danger or a flight risk." (Doc. #1, p. 6.) Further, Respondents have not shown that he presents a danger or a flight risk. The Court finds that the second factor weighs in favor of Petitioner.

Under the third *Mathews* factor, even a weighty private interest must be balanced against the government's interest. Respondents have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live. But this interest is not served by detaining a noncitizen who lacks a criminal history and has not

been shown to present a danger or a flight risk. Thus, the third factor weighs in favor of Petitioner.

The Court finds that the proper remedy for the violation of Petitioner's due process rights is immediate release from custody. Based on the significant weight of the liberty interests at stake and the fact that Petitioner has been detained for over one month, the Court concludes that immediate release is appropriate. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025) (ordering immediate release from custody after determining that the petitioner's continued detention violated procedural due process).

## III. CONCLUSION

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1; Doc. #6) is GRANTED.
2. Respondents shall immediately release Petitioner, but no later than 48 hours from the date of this Order.
3. Prior to Petitioner's release, Respondents must first notify Petitioner within two hours of his impending release and include the location of his release and approximate release time.
4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.
5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2026